FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 FEB -2 AM 9: 33

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

HAIMARK LINE, LTD.,

Plaintiff,

v.

CLIPPER CRUISES, LTD., *in personam*, and the M/V "SAINT LAURENT" ex. "SEA VOYAGER", and its tackle, equipment, engines, appurtenances, freights, etc., *in rem*,

Defendant.

Case No. 3:16-cv-107-J-34JRK

## VERIFIED COMPLAINT

HAIMARK LINE, LTD. (hereinafter "Plaintiff"), by its undersigned counsel, hereby files its Verified Complaint against the Defendants, CLIPPER CRUISES, LTD., *in personam*, and the M/V "SAINT LAURENT" ex. "SEA VOYAGER", and its tackle, equipment, engines, appurtenances, freights, etc., *in rem* (hereinafter "Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.     This is a case of admiralty jurisdiction, 28 U.S.C. Section 1333, as it involves the breach of maritime charter party relating to a passenger cruise vessel used in maritime commerce as hereinafter more fully appears, and this is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     Venue is proper in this Court because each of the Defendants is or will be within this District and Division during the pendency of this action.

## PARTIES

### The Plaintiff

3. At all material times to this action, Plaintiff was and still is a limited liability company organized and existing under the laws of the State of Colorado and engaged in the business operating a passenger vessel for cruises in the Great Lakes and the Caribbean.

### The Shipowners

4. At all times material in this action, Defendant, Clipper Cruises, Ltd., a Bahamian company ("Clipper" or, as the context requires, "Shipowner"), owned and is still owns the M/V "SAINT LAURENT" ex. "SEA VOYAGER".

### The Vessel

5. Defendant, M/V "SAINT LAURENT" ex. "SEA VOYAGER", was and still is a motor vessel bearing IMO No. 9213129, with gross tonnage of 4,954, and registered under the flag of the Bahamas. Defendant is presently or will be during the pendency of this action found within this district.

## FACTUAL BACKGROUND

### The Time Charter

6. At all times material to this action, Plaintiff was the time charterer of the M/V "ST. LAURENT" ex. "SEA VOYAGER" pursuant to and subject to the terms and conditions of a certain time charter party agreement in writing entered into by and between it and Clipper dated July 22, 2014 at Miami, Florida. A copy of said charter party agreement is attached hereto and incorporated herein as Exhibit "A".

7. By and pursuant to the terms and conditions of said charter party agreement, Clipper at all times material to this action was required to provide and maintain a seaworthy vessel, including a competent captain and crew, who were "solely responsible" (on behalf of owners), for the management, handling, safety and navigation of the vessel and to provide and maintain a vessel with all the equipment and systems on board in good of functioning order.

8. The Plaintiff has performed all those things required on its part to be performed under said charter party agreement to maintain this action.

9. Plaintiff pursuant to the provisions of Rule E(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure request security for its claim against the Defendants, which is the subject of an arbitration between Plaintiff and Clipper pursuant to the provisions of Clause 22 of the aforementioned written charter party agreement and to obtain jurisdiction over the Defendants for enforcement purposes.

## FIRST CAUSE OF ACTION

10. Defendants breached the charter party agreement in several respects and on several occasions during the term and tenure thereof, including:

(a) the vessel was not delivered on time nor was it ready for the intended service on May 3, 2015;

(b) the vessel's life boats could not be utilized as tenders for passengers as required;

(c) many the vessel's tanks were not fully equipped and functional;

(d) the vessel struck a concrete approach wall bumper of the Eisenhower Lock in Massena, New York of the St. Lawrence Seaway System on June 18, 2015 thereby

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

causing damage to the vessel, the lock, the cruise service, and injured passengers and crew;

(e) the vessel failed to complete the cruise during which the allision occurred;

(f) the vessel canceled cruises scheduled to commence on June 26 and July 5, 2015;

(g) the vessel did not return to service on time after the allision;

(h) the vessel failed to commence on time or at the scheduled port of embarkation on July 14, 2015; and

(i) Clipper failed to cooperate or coordinate with Plaintiff in attempting to reestablish good relations with customers and good service by the vessel.

11. As a result of the breach of the charter party agreement by Defendants, the Plaintiff has been exposed to numerous and substantial claims for personal injuries, property damage and other losses, expenses and damages to passengers; physical damage and other losses, expenses and damages to the lock; breach of sub-charters, loss of sub-charters, passenger revenue and other losses, expenses and damages to tour operators and other contractors; and other losses, expenses and damages, the full extent of which are not known but are presently estimated at no less than $1,000,000.00.

12. As a result of the breach of the charter party agreement by Defendants, Plaintiff was required to expend the sum of $3,142,244.00 to cover additional costs to operate the vessel, arrange alternate transportation and accommodations for passengers and Plaintiff's concessionaires, contractors or employees and other losses, expenses and damages.

13. As result of the foregoing breach of charter, Plaintiff incurred losses, damage and expenses, including cancelation of bookings, loss of business opportunities, loss of reputation,

Fowler White Burnett P.A. • Espirito Santo Plaza, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131 • (305) 789-9200

thereby causing the Plaintiff to file for reorganization under Chapter 11 of the United States Bankruptcy Code and may result in the entire loss of its business in the sum of $12,000,000.00.

14.     As a result of the foregoing, there is owing to the Plaintiff the sum of $16,142,244.00, no part of which has been paid, although demanded.

15.     Additional damages relating to Defendant Clipper's breach of charter are likely to be established as a result of pretrial discovery.

**WHEREFORE**, Plaintiff HAIMARK LINE, LTD. respectfully requests:

1.     That process in due from of law according to the course and practice of this Court in causes of admiralty and maritime jurisdiction issue against Defendant CLIPPER CRUISES, LTD. citing it to appear and answer in this case

2.     That process in due form of law according to the course and practice of this Court in causes of admiralty and maritime jurisdiction issue pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure against the motor vessel M/V "SAINT LAURENT" ex. "SEA VOYAGER", IMO No. 9213129, and its respective masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment, and supplies, and all other appurtenances and accessories and additions, improvements, and replacements now or hereafter belonging thereto, whether or not removed therefrom, etc., and that all persons claiming any interest in the Defendant Vessel be cited to appear and answer in this case;

3.     That the maritime liens of Plaintiff be declared valid and existing liens against the Defendant Vessel in the total amounts thereof, together with all amounts required to be disbursed for the care and preservation of the Vessels, and that all costs, including attorneys fees and expenses, incurred by Plaintiff, be taxed as costs and/or awarded against the Defendant, and that

the maritime liens of Plaintiff be declared prior to and superior to the claims and interests of all other persons, firms, or corporations whatsoever;

4. That Judgment be entered in favor of Plaintiff and against the Defendants in an amount not less than US$16,142,244.00, together with interest, late charges, associated expenses, repossession costs, attorneys fees, expenses, and costs;

5. That the Defendant Vessel and its masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment, and supplies, and all other appurtenances and accessories and additions, improvements, and replacements now or hereafter belonging thereto, whether or not removed therefrom, etc., may be condemned and sold to pay the same in an amount not less than US$16,142,244.00, together with interest, attorneys fees, costs and attorneys fees, post-judgment interest at the highest rate allowed by law, and all other amounts as mentioned above;

6. That it be decreed that any and all persons, firms, or corporations claiming any interest in the Defendant Vessel, or any of them, are forever barred and foreclosed of and from all rights or equity or redemption or claim of, in and to said vessels and every part thereof; and

7. That Plaintiff may have such other, further, and different relief as may be appropriate in the circumstances.

Dated: February 2, 2016.

Respectfully submitted,

*/s/ Allan R. Kelley*
Allan R. Kelley
Fla. Bar No. 309893
Email: akelley@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:   (305) 789-9201

## VERIFICATION

I, Marcus Leskovar, the Managing Partner, Finance and Procurement of Haimark Line, Ltd., have read the foregoing Complaint and know the contents thereof and the same is true to my knowledge, except as to the matters stated on information and belief and as to those matter I believe to be true.

Marcus Leskovar