UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| HAIMARK LINE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> CLIPPER CRUISES, LTD. and the M/V "SAINT LAURENT" ex. "SEA VOYAGER", and its tackle, equipment, engines, appurtenances, freights, etc., *in rem*, <br><br> Defendant. | Case No. |

### MOTION FOR ORDER DIRECTING CLERK OF COURT TO ISSUE WARRANTS OF ARREST IN REM

HAIMARK LINE, LTD. ("Plaintiff") by its undersigned counsel, and pursuant to Supplemental Rule C(3)(a)(i) for Admiralty or Maritime Claims and Local Admiralty Rule 7.03(b)(1), hereby requests the Court to enter an Order directing the Clerk of Court to issue a Warrant of Arrest in Rem for the Defendant vessel and as grounds therefore states:

1. Plaintiff filed a Verified Complaint against the Defendant vessel that currently is or soon will be within the Middle District of Florida and in particular within Jacksonville, Florida.

2. Plaintiff has a maritime lien against the Defendant vessel for breach of Time-Charter Party Agreement and is seeking to foreclose its lien claim pursuant to federal and general maritime law.

3. Plaintiff has contemporaneously filed the other motions and documents with the Court that are needed to effect the arrest of the vessel.

4. Plaintiff must serve a warrant of arrest in rem against the Defendant vessel to effect service of process.

5. A proposed Order directing the Clerk of Court to issue the warrant of arrest in rem and the proposed warrant of arrest in rem are attached hereto as Exhibits "A" and "B" respectively.

## MEMORANDUM OF LAW

1. On or about July 22, 2014, the Plaintiff and the Shipowner Clipper entered into a Time-Charter Party Agreement for the M/V "SAINT LAURENT" ex. "SEA VOYAGER". The charter party required Clipper to provide and maintain a seaworthy vessel, including a competent captain and crew who were "solely responsible" (on behalf of owners), for the management, handling, safety and navigation of the vessel and to provide and maintain a vessel with all the equipment and systems on board in good functioning order. Clipper, however, breached the charter by failing, *inter alia*, to provide a competent master, as he caused the vessel to collide with a lock in the St. Lawrence Seaway thereby causing significant damage to the vessel, injuries to passengers and crew, and the cancellation of several voyages and failed to delivery and maintain the vessel and her equipment in a good functioning order thereby causing further damage to the Plaintiff. As a result of the foregoing, the Plaintiff demanded arbitration against Clipper pursuant to the Clause 22 Dispute Resolution of the charter party.

2. Clause 22, Dispute Resolution of the charter party provides:

This charter shall be governed by and construed in accordance with Title 9 of the United States Code and the Maritime Law of the United States and any dispute arising out of or in connection this contract shall be referred to [arbitration]…at New York.

3. The charter party is a "maritime contract" as it relates to the navigation, business, or commerce of the sea. The breach of charter by the owner gives the charterer a maritime lien against the vessel. International Marine Towing, Inc. v. Southern Leasing Partners, Ltd., 722 F. 2d 126 (5th Cir. 1983); Rainbow Line, Inc. v. M/V "TEQUILA", 480 F.2d 1024 (2d Cir. 1973).

2

4. The federal district courts have jurisdiction to foreclose maritime liens, which is accomplished by an in rem proceeding against the vessel under Supplemental Rule C. Chase Manhattan Financial Services, Inc. v. McMillan, 896 F.2d 452 (10th Cir. 1990). Rule C provides the method for proceeding in rem against an offending vessel. It also provides the benefit of security for satisfaction of claims. The procedure is commonly referred to as an arrest.

5. Under Supplemental Rule C, a person possessing a maritime lien may bring an *in rem* action in the federal district court against the vessel itself as the offending thing, rather than its owner, to foreclose the lien. Madruga v. Superior Court of State of California in and for San Diego County, of America, 346 U.S. 556 (1994). According to this legal fiction, the vessel itself is considered liable notwithstanding the liability of its owner *in personam*. Pursuant to Rule C, a "maritime lien" as recognized under United States maritime law is a prerequisite to an action *in rem*.

6. To establish jurisdiction, the vessel must be properly arrested under process of the Court. A vessel will come into "the system" only when there is strict compliance with the requirements of Supplemental Rule C. Nuta v. M/V "FOUNTAS FOUR", 753 F.Supp. 352 (S.D. Fla. 1990). In the absence of a proper arrest or an agreement by both parties to the contrary, a decree *in rem* cannot be rendered against the vessel. Thus, the vessel arrest is a prerequisite to the Court's subject matter jurisdiction.

7. To arrest a vessel, a plaintiff must file a verified complaint in the federal district court where the vessel is or will be located during the pendency of the action. Supplemental Rule C (2). It is of no consequence that the maritime lien can be attached elsewhere or that the vessel has little, if any contact with the jurisdiction. The complaint must assert the validity of the lien, include a description of the vessel to be arrested with reasonable particularity, and assert that the

3

Fowler White Burnett P.A. • Espirito Santo Plaza, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131 • (305) 789-9200

vessel is within the district or will be during the pendency of the action. *Id*; Platoro, Ltd. v. Unidentified Remains of a Vessel, 508 F.2d 1113 (5th Cir. 1975). The arrest warrant is usually issued ex parte and the vessel is seized without notice to the shipowner or third parties to prevent the vessel from sailing to another unknown port or escaping arrest.

8.   Upon information belief, the vessel is currently near Jacksonville, Florida, within the United States District Court for the Middle District of Florida. Local Admiralty Rule 7.03 of the Local Admiralty Rules of the Middle District of Florida set forth the procedure requirements for an arrest of the vessel and post arrest procedures for the vessel owner to file a claim, answer or objection to the arrest. The procedure set forth in Rule C and the Local Admiralty Rule 7.03 have been approved and upheld. See, Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi, S.A. de Navigacion, 732 F. 2d 1543 (11th Cir. 1984); Amstar Corporation v. S/S "ALEXANDROS T", 664 F.2d 904 (4th Cir. 1981); Merchants National Bank v. Dredge Gen. G.L. Gillespi, 663 F.2d 1338 (5th Cir., Unit A, 1981); and Mary and Shipbuilding & Dry Dock Co. v. Pacific Ruler Corp., 201 F. Supp. 858 (S.D.N.Y. 1962).

9.   The Federal Maritime Arbitration Act, 9 U.S.C. 1, et. seq. applies to "maritime transactions," which are defined by 9 U.S.C. § 1 as "charter parties, bills of lading of water carriers..."

10.   Section 8 of the Act specifically authorizes "an aggrieved party" to arrest a vessel within the jurisdiction of a federal district court in admiralty matters where arbitration is involved as it provides:

> **Proceedings begun by libel in admiralty and seizure of vessel or property.** If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award.

11.   The term "begin his proceeding" has been interpreted to include arrest or attachments after arbitration has been commenced and remains pending. *See*, e.g., Result Shipping Co. v. Ferruzzi Trading USA, Inc., 56 F.3d 394 (2d Cir. 1995); Siderbulk, Ltd. v. M/V "NAGOUSENA", 1193 AMC 2566 (S.D.N.Y. 1993); West of England Ship Owners Mutual Ins. Ass.'n v. McAllister Bros., 829 F. Supp. 125 (E.D.P.A. 1993).

12.   Based upon the foregoing facts and authorities, the Plaintiff, Haimark Line, Ltd., as charterer of the vessel respectfully requests the Court to issue a warrant of arrest *in rem* against the vessel "SAINT LAURENT" to enforce and obtain security for its maritime lien against the vessel.

WHEREFORE Plaintiff, HAIMARK LINE, LTD. , requests this Court to issue an order directing the Clerk of Court to issue a warrant of arrest in rem and directs the U.S. Marshal to affect the arrest of the vessel.

Dated: February 2, 2016.

Respectfully submitted,

s/Allan R. Kelley
Allan R. Kelley
Fla. Bar No. 309893
Email: akelley@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

4837-5112-5805, v. 1