UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
"IN ADMIRALTY"

| | |
|---|---|
| HAIMARK LINE, LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>CLIPPER CRUISES, LTD. and the M/V "SAINT LAURENT" ex. "SEA VOYAGER", and its tackle, equipment, engines, appurtenances, freights, etc., *in rem*,<br><br>    Defendant. | Case No. 3:16-cv-00107-MMH-JRK |

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

THIS MATTER has come before the Court upon Plaintiff's Motion to Appoint Substitute Custodian. The Court has reviewed the motion and notes that a proper consent and indemnification agreement has been filed.

It is hereby **ORDERED** that Plaintiff's Motion to Appoint Lab Marine, Inc. as the Substitute Custodian of the motor vessel M/V "SAINT LAURENT" ex. "SEA VOYAGER", IMO No. 9213129, its engines, tackle, boats, appurtenances etc., is **GRANTED** during the pendency of their arrest in this jurisdiction. It is further

**ORDERED AND ADJUDGED** that the United States Marshal for the Middle District of Florida be and the same is hereby authorized and directed upon his seizure of the Defendant vessel to surrender the possession thereof to the custody of the Substitute Custodian, Lab Marine, Inc., by her arrest. It is further

**ORDERED AND ADJUDGED** that the United States Marshal for the Middle District of Florida shall surrender the possession of the Defendant vessel to the Substitute Custodian named herein and that upon the surrender, the Marshal shall be discharged from his duties and

Case No. 3:16-cv-00107-MMH-JRK

responsibilities for the safe keeping of the Defendant vessel and be held harmless from any and all claims arising out of the substituted, possession and safekeeping. It is further

**ORDERED AND ADJUDGED** that Lab Marine, Inc. shall be, and is hereby appointed as the Substitute Custodian of said vessel to retain same in its custody, possession and safekeeping for the compensation set forth in the Declaration of Substitute Custodian filed with the Court. It is further

**ORDERED AND ADJUDGED** that the Substitute Custodian shall be allowed to move the vessel from its current location to a safe berth within the District for safekeeping until further order of this Court and the Substitute Custodian shall provide the location for each vessel to the U.S. Marshal and the Court with notice to all parties. It is further

**ORDERED AND ADJUDGED** that the Substitute Custodian shall comply with all orders of the Captain of the Port and United States Coast Guard, including but not limited to any orders to move the vessel; and any applicable federal, state, and local laws, regulations and requirements pertaining to the vessel and port safety. The Substitute Custodian shall advise the Court, the parties to the action, and the United States Marshal, of any movement of the vessel pursuant to an order of the Captain of the Port, within twenty-four (24) hours of such vessel movement. It is further

**ORDERED AND ADJUDGED** that all reasonable expenditures of the Marshal and Substitute Custodian related to the arrest, maintenance, safekeeping, movement and/or release of the vessel, including liability insurance while in *custodia legis*, shall be deemed administrative expenses in this action and a first charge on the vessel herein, to be paid to the Marshal and the Substitute Custodian prior to the release of the vessels or distribution of the proceeds of sale of the vessels.

Case No. 3:16-cv-00107-MMH-JRK

DONE AND ORDERED at Jacksonville, Florida this 2nd day of February 2016.

_____
JAMES R. KLINDT
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF FLORIDA

cc: Counsel of record
U.S. Marshal Service
Lab Marine, Inc.

4819-2352-3373, v. 1

3